IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALESIA R. RICHARDSON,

        Plaintiff,

        vs.                                                 Case No.08-1135-JTM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

MEMORANDUM AND ORDER

Presently before this court is plaintiff Alesia Richardson's petition for review of a final decision of the Commissioner of Social Security (Dkt. No. 7). For the following reasons, this court denies the appeal and affirms the decision of the Administrative Law Judge (ALJ).

I. Background

On January 15, 2004, Richardson filed an application for disability insurance benefits, which was approved initially, and on reconsideration with a later onset date than initially alleged by Richardson. Following a hearing on September 27, 2006, ALJ Bock rendered a partially favorable decision in which he found that Richardson was disabled as of February 1, 2003, but was not under a disability at any time prior to that date. The Appeals Council denied Richardson's request for review, thus rendering the ALJ's decision final. Richardson then timely filed a complaint with this court.

Richardson claims that the ALJ: (1) failed to give the proper weight to a treating physician; (2) erred in the calculation of Residual Functional Capacity (RFC); and (3) erred at step four in determining that she could return to her past work.

The medical evidence and hearing testimony are fully set forth in the ALJ's decision, which is incorporated herein. To summarize briefly, Richardson alleges disability since April 1, 2001, due to depression, anxiety, nerve compression, pulmonary hypertension, pan-hypopituitarism, diastolic dysfunction of the left ventricle, central hypoventilation syndrome, and sudden arythmic death syndrome. The ALJ determined that she was disabled based upon mental problems as of February 1, 2003, which is almost two years after her alleged onset date of April 1, 2001. At the time of the alleged onset, Richardson had previously worked as a customer service representative, human resources manager, district manager for a retail store, fast food service manager, and telemarketer.

The ALJ concluded that Richardson could have performed her past relevant work as a telemarketer and customer service representative for the pertinent period prior to February 1, 2003, and that she could perform other unskilled sedentary jobs found in significant numbers in the national economy. Accordingly, the ALJ found that Richardson was not disabled prior to February 1, 2003, but that after that date, her RFC became more severe based upon mental limitations.

## II. Legal Standard

This court's review is guided by the Social Security Act, which provides, in part, that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the court must determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is

such evidence as a reasonable mind might accept to support the conclusion. *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994); *Gossett v. Bowen*, 862 F.2d 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White*, 287 F.3d at 905 (quoting *Casias v. Sec'y of Health and Human Serv.*, 933 F.2d 799, 800 (10th Cir. 1991)).

An individual is under a disability only if that individual can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). The impairment must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience. *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005).

Pursuant to the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); 20 C.F.R. § 404.1520(a) (2003). The steps are followed in order, and if it is determined that the claimant is or is not disabled at a step of the evaluation process, evaluation under a subsequent step is unnecessary.

The first three steps require the Commissioner to assess whether claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether she has severe impairments, and whether the severity of her impairments meets or equals a specific list of impairments. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). If the impairment does

not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (RFC), which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 416.920(e).

Upon assessing the claimant's RFC, the Commissioner can then move on to steps four and five, which require assessing whether the claimant can perform her past relevant work and whether she can generally perform other work in the national economy. *Williams*, 844 F.2d at 751. The claimant bears the burden throughout steps one through four to prove a disability that prevents performance of past relevant work. *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001). The burden then shifts to the Commissioner at step five to show other jobs in the national economy that are within the claimant's capacity to perform. *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

### III.  Analysis

*A. Treating Physician's Opinion*

In this case, Richardson argues that the ALJ improperly dismissed the opinion of Dr. Harrison, the treating physician, who claimed that Richardson's disability began in 2001. The ALJ stated that he dismissed Dr. Harrison's opinion primarily because the doctor failed to clearly articulate the medical basis for his findings. Richardson claims that the ALJ should have re-contacted Dr. Harrison to seek clarification of his opinion. The Commissioner responds that the record supports the ALJ's conclusion, and that the ALJ did provide a sufficient explanation for not giving Dr. Harrison's opinion controlling weight. Further, the Commissioner argues that the ALJ's did not have a duty to re-contact Dr. Harrison because the doctor's opinions were simply not supported by the record, and thus did not need clarification.

A treating physician's opinion is not dispositive on the ultimate issue of disability. *See White v. Massanari*, 271 F.3d 1256, 1259 (10th Cir. 2001) (citing *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)). However, the ALJ's decision must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). Further, if the ALJ must provide good reasons for discrediting the treating and examining doctor's opinions, nothing else is required. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). After carefully reviewing the record, the court finds that the ALJ gave Dr. Harrison's opinions proper consideration, and that his failure to give that opinion controlling weight is supported by substantial evidence.

B.  RFC

The ALJ concluded that Richardson retained the following RFC prior to February 1, 2003: sedentary exertional level work, but could only stand and walk for ten minutes at a time for a total of two hours in an eight-hour day, could never lift from below waist level and could only stoop three or four times a day, and is precluded from working at unprotected heights and was precluded from exposure to extremes of heat or cold. (Tr. 19-20).

Richardson argues that the ALJ erred by obtaining testimony from medical expert Dr. Dubini regarding the severity of her impairments rather than re-contacting Dr. Harrison. As discussed above, the ALJ properly discredited Dr. Harrison's opinion, and the mere fact that the ALJ declined to accept Dr. Harrison's opinion does not mean that the ALJ was required to re-contact him. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001) (noting that it is "not the rejection of the treating physician's opinion that triggers the duty to re-contact the physician;

5

rather it is the inadequacy of the "evidence" the ALJ receives from the claimants treating physician that triggers the duty")(internal quotations omitted).  Further, contrary to Richardson's assertion, it was proper for the ALJ to seek testimony from a medical expert, as the regulations state that the ALJ may ask for and consider the opinions of medical advisors on the nature and severity of a plaintiff's impairment and whether the impairment equal the requirements of any listed impairment. *See* 20 C.F.R. § 404.1527(f)(2)(iii).

Richardson also claims that the ALJ erred by failing to acknowledge or discuss Richardson's obesity, headaches and side effects from medication.  However, while the ALJ should indeed "consider" obesity in making the RFC determination, the law does not require the ALJ to discuss obesity in every case where it is applicable. *See* Social Security Ruling (SSR) 02-1p.  Further, a review of the record shows that the ALJ not only discussed Richardson's obesity, but that he also found it to be a severe impairment (Tr. 16-18).  Additionally, the evidence supports the minimal weight given to Richardson's claims of headaches and medication side effects.  Accordingly, under these particular circumstances, substantial evidence supports the ALJ's RFC determinations.

Finally, Richardson contends that the ALJ erred in not fully crediting her symptoms.  Because the ALJ is "optimally positioned to observe and assess witness credibility," the court may only overturn an ALJ credibility determination when there is a conspicuous absence of credible evidence to support it. *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996).  Further, "[a] claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993).  Rather, "[b]efore the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical

6

evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain." *Id*. (citations omitted).  Based on that standard, this court does not find error in the ALJ's findings.

C.  *Step Four*

At step four, the ALJ is required by Social Security Ruling (SSR) 82-62 to make findings of fact regarding: (1) the individual's residual functional capacity; (2) the physical and mental demands of prior jobs or occupations; and (3) the ability of the individual to return to the past occupation given his or her residual functional capacity.  *Henrie v. United States Dep't. of HHS*, 13 F.3d 359, 361 (1993).  At the final phase of step four, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. At each of these three phases, the ALJ must make specific findings. *Frantz v. Astrue*, 509 F.3d 1299, 1303 (10th Cir.2007).

Richardson alleges that the ALJ failed to follow SSR 82-62 by failing to fully develop the record regarding the physical and mental demands of her past relevant work and by improperly shifting this burden to the vocational expert.  Richardson, however, does not state which requirements of her past relevant work she is unable to perform.  Instead, she makes a blanket assertion that the ALJ failed to comply with SSR 82-62. It is well established that Richardson bears the burden of proving that she is unable to perform her past relevant work, either as she performed the job or as it is generally performed in the national economy. See 20 C.F.R. § 404.1560(b)(2); *Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir.1993).  Richardson failed to meet that burden, and her appeal must fail.

In sum, the ALJ's finding is supported by substantial evidence in the record, and the decision is hereby affirmed.

IT IS ACCORDINGLY ORDERED this 26th day of June, 2009, that the present appeal is hereby denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE